IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA LIEF F/B/O TASHA LIEF, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>CAPE HENLOPEN SCHOOL DISTRICT )<br>and the DELAWARE DEPARTMENT of )<br>EDUCATION, )<br>)<br>Defendants ) | Civil Action No _____ |

## NOTICE OF REMOVAL

Defendants the Cape Henlopen School District (hereinafter, "the District" and the State of Delaware Department of Education (hereinafter, "the Department"), collectively, hereinafter, the "Defendants", by and through their undersigned counsel, hereby give notice that this matter has been removed, pursuant to 28 U.S.C. § 1446, to the United States District Court for the District of Delaware. The grounds for the removal are as follows:

1. Plaintiff Christina Lief ("Plaintiff") commenced this action, entitled *Christina Lief F/B/O/ Tasha Lief v Cape Henlopen School District and Department of Education- State of Delaware, Case No 06-10541* in the Family Court of the State of Delaware in and for Sussex County. On information and belief, the Complaint (styled as a "Petition- Appeal Hearing Decision and Order") was filed on or about April 4, 2006.

2. In her Complaint, Plaintiff appeals an adverse decision by a due process hearing panel and appears to allege that the Defendants violated the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"), 42 U S C. § 1983, 14 Del. C. § 3122, and 14 Del. C. § 3142. Plaintiff further alleges that the Hearing Decision and Order by reversed and that she is entitled to

"reimbursement for compensatory education, tuition reimbursement for private placement, an award of all fees, cost[s] and expenses (including reasonable counsel fees) associated with the Hearing Panel and Appeal process, together with such other relief as this Honorable Court deems just and equitable in the case at bar."

3. The Court has original jurisdiction to adjudicate the above-referenced dispute on the basis of 20 U.S.C. § 1415(i)(2)(A) which provides that "any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." This case is, therefore, removable to this Court under 28 U.S.C §1441(b).

4. To the extent Plaintiff is asserting any claims under the Delaware state special education statutes (Title 14, Chapter 31 of the Delaware Code), this Court has supplemental jurisdiction over said claims pursuant to 28 U.S.C. § 1367.

5. This Notice of Removal is being filed within 30 days of the Defendants' receipt of the Complaint and is hereby timely filed under 28 U.S.C. § 1446(b).

6. Copies of the Summons and Complaint served upon Defendants, are attached hereto.

7. Defendants have filed a true and correct copy of the Notice of Removal with the Family Court of the State of Delaware in and for Sussex County, as required by law. A copy of that Notice is attached hereto.

WHEREFORE, Defendants respectfully request that this action now pending against them in the Family Court of the State of Delaware in and for Sussex County, be removed

therefrom to this Court and that this action be placed upon the docket of this Court for further proceedings, as though this action originally had been instituted in this Court.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Scott A. Holt, Esquire (No. 3399)
Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19879-0391
Telephone:    (302) 571-6623; 571-6553
Facsimile:    (302) 576-3299; 576-3461
Email:        sholt@ycst.com
              mstafford@ycst.com

Attorneys for Defendant Cape Henlopen School District

_____
Craig R. Fitzgerald, Esquire (No. 3730)
Deputy Attorney General
Civil Division- Kent County
102 West Water Street
Dover, Delaware 19904
Telephone:    (302) 739-7641 ext 303
Facsimile:    (302) 739-7652
Email:        craig.fitzgerald@state.de.us

Attorney for Defendant Delaware Department of Education

Dated: April 27, 2006

## CERTIFICATE OF SERVICE

I, Michael P. Stafford, certify that on April 27, 2006, I caused a copy of the foregoing Defendants' Notice of Removal, along with related documents and this certificate of service, to be served by hand-delivery on the following counsel of record:

> Bruce A. Rogers, Esq.
> BRUCE A. ROGER & ASSOCIATES
> 16 South Front Street
> Georgetown, Delaware 19947

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/ 
>
> Scott A. Holt, Esquire (No. 3399)
> Michael P. Stafford, Esquire (No. 4461)
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, Delaware 19879-0391
> Telephone:  (302) 571-6623; 571-6553
> Facsimile:  (302) 576-3299; 576-3461
> Email:      sholt@ycst.com
>             mstafford@ycst.com

Dated: April 27, 2006

# The Family Court of the State of Delaware

In and For ☐ New Castle ☐ Kent ☒ Sussex County

## PETITION – APPEAL HEARING DECISION AND ORDER

| PETITIONER | RESPONDENTS | File Number(s) |
|---|---|---|
| Christina Lief F/B/O Tasha Lief<br>251 Fennel Dun Circle<br>Biltmore, NC 28715-8911<br>Attorney: Bruce A. Rogers, Esquire | Cape Henlopen School District<br>1270 Kings Highway<br>Lewes, DE 19958<br>Attorney: David Williams, Esquire<br>Department of Education – State of Delaware<br>401 Federal Street, Suite 2<br>Dover, DE 19901<br>Attorney: Louann Vari, Esquire | Petition Number(s) |

Petitioner alleges the following:

1. IDEA Section 504, CFR 300.125 and 14 Del.C. Section 3122 were improperly applied during the hearing, thereby denying the parent due process.
2. The hearing panel failed to apply the relevant and applicable law in the area (case law, statutes and decisions), thereby committing legal error.
3. The hearing panel erred in their treatment of the parent's position on the matter in violation of 14 Del.C. Section 3142.
4. The hearing panel repeatedly inferred facts which were not in evidence through documents or witnesses, thereby creating legal error and denying the parent due process.
5. The transcript is replete with issues of procedural and substantive due process violations. The panel was openly hostile to the parent. The panel was overly solicitous of the District (by way of example and not by way of limitation, the panel recommended a specific motion be filed, granted time for the motion to be filed and announced the likely decision if the motion were to be filed, to the prejudice of parent). The decision of the panel, based upon this hostile and prejudicial panel, violates the procedural and substantive due process rights of parent and student herein.
6. FAPE entitles the student to receive special education and related services designed to meet her specific needs. The District failed to do so (ex: Open Court Remediation) and the panel failed to recognize this error.
7. IDEA requires the child and parent to receive a fair due process hearing with impartial and knowledgeable panel members. Such was not the case here. For example, and not by way of limitation, the Panel chair was openly hostile to parent and her counsel and panel member Werner was not an impartial member.
8. The panel failed to recognize the illegal disclosure of confidential information regarding the student to a Union representative and others not part of the IEP process and the resulting violation of student's rights in the decision. This violation has been found to exist and sanctioned by the Department of Education, however, the panel failed to address this serious violation.
9. The panel violated the civil rights of the student in the manner in which the hearing was conducted and in the clearly erroneous decision entered. IDEA. 20 USC 1400.
10. Parent was denied access to all of the student's records within the control of the District. These records were sanitized by the counsel for the District and several documents were not produced despite the request of the parent to do so. It was as if an entire file of documents was missing from the school and district records.
11. The panel decision and conduct of the hearing gives rise to a violation of student's rights and gives rise to a separate cause of action pursuant to 42 USC Section 1983.

12. District counsel stated on the record that she "knew parent was going to file" for due process and then proceeded to take control and custody of the student's records without following proper procedures. As a result, parent was denied access to the entire student file.

13. The panel improperly shifted the burden of proof and the burden of persuasion to the parent/child.

14. The panel improperly substituted its judgment and opinion for the appropriate educational determinations as to methodologies employed in the education of student.

15. The panel improperly defined FAPE and could not, therefore, properly determine if the student had received FAPE.

16. The panel improperly decided upon the evaluations of the student in the case. The only evaluations of the student were provided by the parent and should have been the ones which governed the development of the IEP and the determination of FAPE. The panel failed to properly consider the weight of these evaluations.

17. The panel improperly defined "fluency" and improperly applied it to the case at bar.

18. The panel relied upon information which was not properly admitted, not otherwise admissible and not subject to cross examination by the parent/counsel.

19. The panel failed to consider the interpretation of the Kennedy-Kreiger reports, relying instead upon on non-expert, unqualified testimony from District employees.

20. The panel erroneously ignored the diagnosis of the student as dyslexic, thereby ignoring certain procedural and substantive educational safeguards for the student.

21. The panel failed to consider the fact that the IEPs were often developed by the District before the parent was able, asked or permitted to participate.

22. Panel member Werner was not an impartial member of the panel as required by statute.

23. The panel failed to properly qualify parent's expert witness as such, despite clear credentials, experience and prior testimony to the contrary. The panel improperly ignored this testimony.

24. The panel reliance upon the testimony of Mr. Jefferson was in error as he was not qualified to testify.

25. The panel reliance upon the testimony of Ms. Joynes was in error as she testified based upon hearsay evidence which was admitted during the District's case but excluded during the parent's cross examination.

26. The panel failed to consider the diagnosis of Post Traumatic Stress Disorder (PTSD) and the fact that student was punished for behaviors which were a part of her disability.

27. Panel member Werner actually joked about the diagnosis of student's PTSD during the hearing process.

Petitioner seeks the following relief:

The Petitioner asks this court to reverse the Hearing Decision and Order of the panel dated January 31, 2006, to grant reimbursement for compensatory education, tuition reimbursement for private placement, an award of all fees, cost and expenses (including reasonable counsel fees) associated with the Hearing Panel and Appeal process, together with such other relief as this Honorable Court deems just and equitable in the case at bar.

SWORN TO AND SUBSCRIBED
Before me this date,

March 29, 2006

DAWN M. CAREY
NOTARY PUBLIC
STATE OF DELAWARE
MY COMMISSION EXPIRES 2/17/08

Notary Public

_____
Attorney

16 S. Front Street Georgetown, DE 19947
Address

Form 498    CERTIFIED MAIL

**STATE OF DELAWARE FAMILY COURT: SUSSEX COUNTY**
22 THE CIRCLE, GEORGETOWN DE 19947
**CIVIL SUMMONS**
**APPEAL OF DUE PROCESS**

LIEF, CHRISTINA                                              FILE: CS06-01689
                                                             CASE: 06-10541

PETITIONER(S)                       ATTORNEY(S)

VS.

CAPE HENLOPEN HIGH SCHOOL          WILLIAMS, DAVID H.
DEPARTMENT OF EDUCATION            VARI, LOUANN J.
RESPONDENT(S)                       ATTORNEY(S)

TO:  CAPE HENLOPEN HIGH SCHOOL
     1270 KINGS HIGHWAY
     LEWES DE 19958

---

ATTENTION: CAPE HENLOPEN HIGH SCHOOL AND DEPARTMENT OF EDUCATION
You have been named as the respondent in the attached pleading which has been filed in Family Court. Please read the following statements carefully:

1. You are required by Family Court Civil Rules to file an Answer within twenty (20) days of the receipt of this pleading. Failure to file an answer may result in the entry of a default judgment against you.

2. Your Answer must contain responses to each of the allegations and in the same order as they appear on the pleading.

3. You are required to serve the petitioner's attorney or the petitioner, if not represented, with a copy of your Answer.

4. You will receive a written notice advising you of the date and time you are to appear in Family Court once you have filed your Answer.

5. You must report any change of address to the Court. Failure to report a change of address, or to appear when scheduled, may result in a default judgment or the issuance of a capias for your arrest.

6. If the attached pleading involves CUSTODY or VISITATION, you will also find the Preliminary Injunction Order in Custody or Visitation which is issued against both parties to the action.

**WITNESS THE JUDGES** of the Family Court of the State of Delaware, this date

         04/07/2006              CINDY LECATES
         Date Issued             Clerk of Court

                                         CFCCSOL   04/07/2006

**RECEIVED APR 1 1 2006**

IN THE FAMILY COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| Christina Lief F/B/O Tasha Lief, | : | FILE NO.: |
| Petitioner, | : | PETITION NO.: |
| v. | : | |
| Cape Henlopen School District | : | |
| Department of Education – State of DE | : | |
| Respondents. | : | |

### AFFIDAVIT OF MAILING

BE IT REMBERED, that on this 30th day of March, 2006, personally appeared before me, the Subscriber, a Notary Public for the State and County aforesaid, Fred Dobronz, a secretary for the law firm of BRUCE A. ROGERS, P.A., ATTORNEY AT LAW, Georgetown, Delaware, and being by me duly sworn according to law, deposes and say that on the 30th day of March, 2006, he forwarded two copies of an ENTRY OF APPEARANCE, in the above captioned case, via United States mail, postage prepaid to:

David Williams, Esquire
Morris James Hithens & Williams LLP
222 Delaware Avenue, 10th Floor
PO Box 2306
Wilmington, DE 19899-2306

Louann Vari, Esquire
Department of Justice
102 West Water Street
Dover, DE 19904-6750

_____
FRED DOBRONZ

SWORN TO AND SUBSCRIBED before me the day, month and year aforesaid.

_____
NOTARY PUBLIC
DAWN M. CAREY
NOTARY PUBLIC
STATE OF DELWARE
MY COMMISSION EXPIRES 2/11/08

IN THE FAMILY COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

| | |
|---|---|
| CHRISTINA LIEF F/B/O TASHA LIEF, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | Civil Action No. __06-10541__ |
| ) | |
| CAPE HENLOPEN SCHOOL DISTRICT ) | |
| and the DELAWARE DEPARTMENT of ) | |
| EDUCATION, ) | |
| ) | |
| Respondents ) | |

### NOTICE OF FILING NOTICE OF REMOVAL

TO:   Karen Gerardi, Civil Clerk of the Court
      22 The Circle
      Georgetown, DE 19947

   PLEASE TAKE NOTICE that Respondents Cape Henlopen School District and Department of Education- State of Delaware, have removed the above-styled action from the Family Court of the State of Delaware in and for Sussex County, in which it was initially filed, to the United States District Court for the District of Delaware.

Attached hereto, and made a part hereof, is a copy of the Notice of Removal that has been filed in the United States District Court for the District of Delaware.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Scott A. Holt

Scott A. Holt, Esquire (No. 3399)
Michael P. Stafford, Esquire (No 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19879-0391
Telephone:   (302) 571-6623; 571-6553
Facsimile:   (302) 576-3299; 576-3461
Email:       sholt@ycst.com
             mstafford@ycst.com

Attorneys for Respondent Cape Henlopen School District

/s/ Craig R. Fitzgerald

Craig R. Fitzgerald, Esquire (No. 3730)
Deputy Attorney General
Civil Division- Kent County
102 West Water Street
Dover, Delaware 19904
Telephone:   (302) 739-7641 ext 303
Facsimile:   (302) 739-7652
Email:       craig.fitzgerald@state.de.us

Attorney for Respondent Delaware Department of Education

Dated: April 27, 2006

## CERTIFICATE OF SERVICE

I, Michael P. Stafford, Esquire, hereby certify that the foregoing Respondents' Notice of Filing Notice of Removal, along with related attachments, and this certificate of service, was served on April 27, 2006, by hand delivery on the following Petitioner's counsel of record:

Bruce A. Rogers, Esq.
BRUCE A. ROGER & ASSOCIATES
16 South Front Street
Georgetown, Delaware 19947

_____
Scott A. Holt, Esquire (No. 3399)
Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19879-0391
Telephone:  (302) 571-6623; 571-6553
Facsimile:  (302) 576-3299; 576-3461
Email:      sholt@ycst.com
            mstafford@ycst.com

Dated: April 27, 2006

≈JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Christina Lief F/B/O Tasha Lief

**(b)** County of Residence of First Listed Plaintiff: Buncombe, NC
(EXCEPT IN U S PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Bruce A. Rogers, Esquire
BRUCE A. ROGER & ASSOCIATES
The Brandywine Building
115 South Front Street
Georgetown, Delaware 19947

## DEFENDANTS
Cape Henlopen School District and the Delaware Department of Education

County of Residence of First Listed Defendant: Sussex
(IN U S PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

Attorneys (If Known)
Michael B. Stafford, Esquire
Young Conaway Stargatt & Taylor LLP
P.O. Box 391
Wilmington, DE 19899

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U S Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl Ret Inc Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C 1441
Brief description of cause:
Removal based on federal question

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 4/27/06
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____