IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA LIEF F/B/O TASHA LIEF, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAPE HENLOPEN SCHOOL DISTRICT )<br>and the DELAWARE DEPARTMENT of )<br>EDUCATION, )<br>)<br>Defendants. ) | Civil Action No. 06-274-GMS |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS CAPE HENLOPEN SCHOOL DISTRICT
AND THE DELAWARE DEPARTMENT OF EDUCATION**

Defendants Cape Henlopen School District (hereinafter, "the District") and the Delaware Department of Education (hereinafter, "the Department"), by and through his undersigned counsel, by way of answer to the Complaint of plaintiff Christina Lief, states as follows:

1. The allegations of this paragraph of the Complaint state a legal conclusion as to which no response is required. By way of further answer, it is denied that the Individuals With Disabilities Education Act (hereinafter, the "IDEA"), 20 U.S.C. § 1400 *et seq.*, the Rehabilitation Act, 29 U.S.C. § 794 (hereinafter, "Section 504"), 34 C.F.R. § 300.125 and 14 Del. C. § 3122 were improperly applied at the hearing.

2. Denied.

3. The allegations of this paragraph of the Complaint state a legal conclusion as to which no response is required. By way of further answer, it is denied that the hearing panel violated 14 Del. C. § 3142, which provides that "[a]ny party aggrieved by the decision of the hearing panel may file a civil action in the Family Court. Such proceeding shall be initiated by the filing of a complaint within 90 days of the date of the decision" and further that, "the Court

shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party and, basing its decision on the preponderance of the evidence, shall grant such relief as the Court determines is appropriate."

    4. Denied.

    5. Denied.

    6. Denied, the District provided a free appropriate public education.

    7. Denied that the due process hearing was not fair and impartial. Upon information and belief, denied that panel member Werner was not impartial.

    8. Denied.

    9. Denied.

    10. Denied.

    11. The allegations of this paragraph of the Complaint state a legal conclusion as to which no response is required. By way of further answer, it is denied that Plaintiff has a "separate cause of action pursuant to 42 U.S.C. § 1983."

    12. Denied as stated. By way of further answer, district counsel properly obtained copies of the student's records and the parent was not denied access.

    13. Denied.

    14. Denied.

    15. Denied.

    16. Denied.

    17. Denied.

    18. Denied.

    19. Denied.

20. Denied.

21. Upon information and belief, denied.

22. Upon information and belief, denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Upon information and belief, denied.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

28. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

29. Insufficiency of process.

#### THIRD AFFIRMATIVE DEFENSE

30. Insufficiency of service of process on the District. Specifically, the Civil Summons, a copy of which is attached hereto as Exhibit 1, served on the District by the Family Court of the State of Delaware in and for Sussex County incorrectly identifies "Cape Henlopen High School" as a party to these proceedings and was served on the District at Cape Henlopen High School.

## FOURTH AFFIRMATIVE DEFENSE

31. The Eleventh Amendment of the United States Constitution and the doctrine of sovereign immunity bar any claim for damages against the Department of Education (to the extent there is no waiver pursuant to 20 U.S.C. Section 1403).

## FIFTH AFFIRMATIVE DEFENSE

32. Plaintiff was afforded procedural and substantive due process in connection with the administrative proceedings as required by law.

## SIXTH AFFIRMATIVE DEFENSE

33. Defendants reserve the right to assert any and all other defenses, both factual and legal, as may be justified by information subsequently obtained.

WHEREFORE, Defendants respectfully request that this action be dismissed with prejudice, with costs and attorneys' fees assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Michael P. Stafford

Scott A. Holt, Esquire (No. 3399)
Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone:   (302) 571-6623; 571-6553
Facsimile:    (302) 576-3299; 576-3461
Email:         sholt@ycst.com; mstafford@ycst.com
Attorneys for Defendant Cape Henlopen School District

4

    /s/ Craig R. Fitzgerald
    ―――――――――――――――――
Craig R. Fitzgerald, Esquire (No. 3730)
Deputy Attorney General
Civil Division- Kent County
102 West Water Street
Dover, Delaware  19904
Telephone:   (302) 739-7641 ext 303
Facsimile:    (302) 739-7652
Email:    craig.fitzgerald@state.de.us
Attorney for Defendant Delaware Department of Education

Dated:  May 3, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA LIEF F/B/O TASHA LIEF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 06-274-GMS |
| ) | |
| CAPE HENLOPEN SCHOOL DISTRICT ) | |
| and the DELAWARE DEPARTMENT of ) | |
| EDUCATION, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I, Michael P. Stafford, hereby certify that on May 3, 2006, I electronically filed a true and correct copy of the foregoing Defendants' Answer and Affirmative Defenses of Defendant Cape Henlopen School District and the Delaware Department of Education with the Clerk of the Court using CM/ECF, which will send notification of such to the following counsel of record, and further that I caused a copy of same to be delivered to the following counsel of record by U.S. Mail:

Bruce A. Rogers, Esq.
BRUCE A. ROGER & ASSOCIATES
16 South Front Street
Georgetown, Delaware 19947

Scott A. Holt, Esquire (No. 3399)
Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6623; 571-6553
Facsimile: (302) 576-3299; 576-3461
Email: sholt@ycst.com; mstafford@ycst.com
Attorneys for Defendant Cape Henlopen School District

Dated: May 3, 2006

**EXHIBIT 1**

Form 498   CERTIFIED MAIL

**STATE OF DELAWARE FAMILY COURT: SUSSEX COUNTY**
**22 THE CIRCLE, GEORGETOWN DE 19947**
**CIVIL SUMMONS**
**APPEAL OF DUE PROCESS**

LIEF, CHRISTINA

FILE: CS06-01689
CASE: 06-10541

PETITIONER(S)          ATTORNEY(S)

VS.

CAPE HENLOPEN HIGH SCHOOL      WILLIAMS, DAVID H.
DEPARTMENT OF EDUCATION        VARI, LOUANN J.
RESPONDENT(S)          ATTORNEY(S)

TO: CAPE HENLOPEN HIGH SCHOOL
    1270 KINGS HIGHWAY
    LEWES DE 19958

ATTENTION: CAPE HENLOPEN HIGH SCHOOL AND DEPARTMENT OF EDUCATION
You have been named as the respondent in the attached pleading which has been filed in Family Court. Please read the following statements carefully:

1. You are required by Family Court Civil Rules to file an Answer within twenty (20) days of the receipt of this pleading. Failure to file an answer may result in the entry of a default judgment against you.

2. Your Answer must contain responses to each of the allegations and in the same order as they appear on the pleading.

3. You are required to serve the petitioner's attorney or the petitioner, if not represented, with a copy of your Answer.

4. You will receive a written notice advising you of the date and time you are to appear in Family Court once you have filed your Answer.

5. You must report any change of address to the Court. Failure to report a change of address, or to appear when scheduled, may result in a default judgment or the issuance of a capias for your arrest.

6. If the attached pleading involves CUSTODY or VISITATION, you will also find the Preliminary Injunction Order in Custody or Visitation which is issued against both parties to the action.

**WITNESS THE JUDGES of the Family Court of the State of Delaware, this date**

04/07/2006          CINDY LECATES
Date Issued         Clerk of Court

CFCCSOL   04/07/2006

RECEIVED APR 1 1 2006