IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA LIEF F/B/O TASHA LIEF, | C.A NO.:06-274 GMS |
| Plaintiff, | |
| v. | |
| CAPE HENLOPEN SCHOOL DISTRICT and the DELAWARE DEPARTMENT OF EDUCATION, | |
| Defendants. | |

RESPONSE TO THE NOTICE OF REMOVAL

NOW COMES THE PLAINTIFF HEREIN, CHRISTINA LIEF F/B/O TASHA LIEF, by and through her undersigned counsel, Bruce A. Rogers, Esquire, who does respond to the Notice of Removal as follows:

1. Admitted.

2. Admitted.

3. Sentence one is admitted. Sentence two is specifically denied. Specifically, 20 U.S.C. 1415(I)(2)(A) states that the **aggrieved party** has the right to bring a civil action in this regard. In this instance, the Plaintiff filed a timely appeal in the Family Court of the State of Delaware in and for Sussex County, in accordance with 14 Delaware Code Section 3142. There is no nexus or other connection with the forum selected for removal. All witnesses, records, exhibits, documents and matters related to this matter are located in Sussex County, rather than New Castle County. Petitioner presently resides out of state but has facilities for her stay in Sussex County. Petitioner's counsel and office is located in Sussex County with no branch or satellite office in New Castle County. Defendant's counsel (Young, Conaway, Stargatt and

Taylor) maintains an office in Sussex County, less than three blocks from the Court house. Defendant's counsel, Department of Justice, maintains an office in Sussex County, less than four blocks from the Court house. The sole reason for removal by the Defendants is to inconvenience the Plaintiff, increase her expenses and cause additional and undue hardship by requiring the matter to be litigated in New Castle County, rather than in the situs of the action (Sussex County). Further, Defendants have shown no extenuating circumstances which would necessitate the removal of this case to federal court rather than in the forum selected by the aggrieved party.

4. Admitted this Court has concurrent or supplemental jurisdiction over the special education statutes of Delaware, however, Defendants have failed to allege, aver or prove that the exercise of such supplemental or concurrent jurisdiction is necessary in this case.

5. No answer is required to this averment.

6. No answer is required to this averment.

7. No answer is required to this averment.

WHEREFORE, Plaintiff respectfully requests that the Defendants' Notice of Removal be denied and the matter proceed in the forum selected by the aggrieved party, the Plaintiff herein.

Respectfully submitted,

_____
Bruce A. Rogers, Esquire
Bruce A. Rogers, P.A.
16 South Front Street
P.O. Box 876
Georgetown, DE 19947
(302)856-7161 - telephone
(302)856-7176 - facsimile
Email: brucer-law@verizon.net
Attorney for Plaintiff, Lief

Date: 5/4/06

## AFFIDAVIT OF MAILING

**BE IT REMEMBERED**, that on this 5th day of May, 2006, personally appeared before me, the Subscriber, a Notary Public for the State and County aforesaid, Lisa Cannon, a secretary for the law firm of BRUCE A. ROGERS, P.A., ATTORNEY AT LAW, Georgetown, Delaware, and being by me duly sworn according to law, deposes and say that on the 5th day of May, 2006 they forwarded two copies of the Response to the Notice of Removal in the above captioned case by U.S. Mail, to:

Clerk of the Family Court
22 The Circle
Georgetown, DE 19947

Scott A. Holt, Esquire
Michael P. Stafford, Esquire
The Brandywine Building
P.O. Box 391
Wilmington, DE 19879-0391

Craig A. Fitzgerald, Esquire
Department of Justice
102 West Water Street
Dover, DE 19904

*/s/ Lisa Cannon*

**SWORN TO AND SUBSCRIBED** before me the day, month and year aforesaid.

*/s/ Dawn M. Carey*
**NOTARY PUBLIC**

DAWN M. CAREY
NOTARY PUBLIC
STATE OF DELWARE
MY COMMISSION EXPIRES 2/11/08

IM: Robert Nassell BLDG. MSB-ISL-1
SUSSEX CORRECTIONAL INSTITUTION  SBI 337363
P.O. BOX 500
GEORGETOWN, DELAWARE 19947

Legal

Office of The Clerk
U.S. District Court
Lock Box 18
844 King street
U.S. court house
Wilmington, Del. 19801