IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTINA LIEF F/B/O TASHA LIEF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 06-274-GMS |
| | ) | |
| CAPE HENLOPEN SCHOOL DISTRICT and the DELAWARE DEPARTMENT of EDUCATION, | ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

On or about May 10, 2006, Plaintiff filed a "Response to the Notice of Removal" (hereinafter, "the Motion"), D.I. 4, contesting the Notice of Removal, D.I. 1, filed by Defendants Cape Henlopen School District (hereinafter, "the District") and the Delaware Department of Education (hereinafter, "the Department") on April 27, 2006 in this Court. Although not specifically styled as such, Defendants will treat the Motion as a Motion for Remand pursuant to 28 U.S.C. § 1447(c).

The Motion must be denied for two reasons. First, the Plaintiff's Complaint asserts several federal causes of action, thus clearly conferring subject matter jurisdiction to the Court over this case. Second, despite Plaintiff's claims to the contrary, nothing in the Individuals with Disabilities Education Act (hereinafter, "the IDEA"), 20 U.S.C. § 1400 *et seq.*, prevents Defendants from removing actions filed in state court to federal court. Indeed, it is black-letter law that 20 U.S.C. § 1415(i)(2)(A) confers concurrent jurisdiction over IDEA actions to both

federal and state courts, and that actions brought by an "aggrieved party" in state court are removable to federal court. This legal proposition is so well-established in the case law interpreting the IDEA that the Plaintiff's failure to cite to, or otherwise reference, any of the applicable authority on this point constitutes a blatant omission of the applicable law. 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Remand to state court is appropriate only where the plaintiff identifies a "defect" in the removal, including a lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

Here, Plaintiff, in her Complaint, asserts several federal causes of action over which this Court has original jurisdiction, including the IDEA, the Rehabilitation Act, 29 U.S.C. § 794 (hereinafter, "Section 504"), and 42 U.S.C. § 1983 (hereinafter, "Section 1983"), as well as additional state-law claims pursuant to Delaware's special education statutes. Plaintiff appears to premise her Motion on the proposition that 20 U.S.C. § 1415(i)(2)(A) of the IDEA precludes Defendants from removing the instant matter to this Court. While it is true that Section 1415 provides that "[a]ny party aggrieved" by the findings of a due process hearing panel "shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy," this language in no way precludes Defendants from removing the instant matter to this Court. Indeed, the foregoing language has been uniformly interpreted by the courts as permitting removal.

As one court has observed, "[t]he IDEA itself creates concurrent federal and state jurisdiction by providing that any party aggrieved by an administrative decision 'shall have the

2

right to bring a civil action ... in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy.' Under any reasonable interpretation of this language, appeals from IDEA administrative decisions properly present federal questions giving rise to federal subject matter jurisdiction." *Escambia County Bd. of Educ. v. Benton*, 358 F. Supp. 2d 1112, 1117 (D. Ala. 2005) (citing *Maroni v. Pemi-Baker Regional School Dist.*, 346 F.3d 247, 258 (1st Cir. 2003) (declaring that federal court would have original jurisdiction over IDEA claims); *Ullmo ex rel. Ullmo v. Gilmour Academy*, 273 F.3d 671, 680 (6th Cir. 2001) ("Any claim arising under the IDEA is therefore subject to the jurisdiction of the district court," notwithstanding fact that the IDEA gives plaintiff choice of filing in state or federal court); *Linda W. v. Indiana Dep't of Educ.*, 927 F. Supp. 303, 306 (N.D. Ind. 1996) (finding that the IDEA explicitly creates federal jurisdiction over claims brought by any party aggrieved by results of administrative proceedings)). The *Escambia* court went on to observe, in a footnote, that "federal courts *routinely* allow removal of IDEA appeals initially filed in state court." *Id.* at n.8 (emphasis added) (citing *Ullmo*, 273 F.3d at 680 ("the fact that the IDEA provides the plaintiff with the choice of state or federal court does not preclude the removal of the resulting action to federal court"); *Maroni*, 346 F.3d at 258 (indicating that school districts would have right to remove IDEA action to federal court); *Yankton Area Adjustment Training Center, Inc. v. Oleson By and Through Oleson*, 897 F. Supp. 431, 432 (D.S.D. 1995) (rejecting argument that the IDEA implies a prohibition on removal because it conveys concurrent state and federal jurisdiction)).

Additional authority supports the decision reached by the *Escambia* court- that the IDEA creates concurrent federal and state jurisdiction and that actions brought in state court may be removed to federal court by defendants. *See e.g. Converse County Sch. Dist. No. 2 v. Pratt*, 993

F. Supp. 848 (D. Wyo. 1997) (granting removal in dispute over appointment of surrogate parent, noting existence of federal question); *Fayetteville Perry Local Sch. Dist. v. Reckers*, 892 F. Supp. 193 (S.D. Ohio 1995) (IDEA grants concurrent jurisdiction in either state or federal court- this grant does not prohibit removal of actions brought under the IDEA from state to federal court); *Colin K. v. Schmidt*, 528 F. Supp. 355 (D.R.I. 1981) (finding no policy reasons against removal and noting that Congress has not "expressly" prohibited it by its grant of concurrent jurisdiction; permitting removal with concurrence of all defendants but without signature of all defendants on petition). Of course, here, in common with the *Schmidt* case, both Defendants concurred in the removal of this action to this Court.

Based on the foregoing, Section 1415 of the IDEA does not bar or prohibit Defendants from removing the instant matter to this Court. The Plaintiff has not alleged any additional "defect" in the Defendants' removal of the present action to this Court. Her arguments that the witnesses and records are located in Sussex County- which would appear to make litigating in U.S. District Court more inconvenient for Defendants, given that most of the witnesses are their employees, and that most of the records are in their custody or control- that her counsel's office is located in Sussex County, and that the Defendants alleged "sole reason" for removal "is to inconvenience the Plaintiff," are simply irrelevant to this Court's analysis.[1]

In sum, the Plaintiff's Complaint was properly removed in accordance with 28 U.S.C. §1441. The Complaint asserts several federal causes of action in which this Court has original jurisdiction. In addition, Plaintiff has failed to identify any defect in the removal.

---

[1] Interestingly, Plaintiff's counsel specifically admits that the Plaintiff "resides out of state" and requires "facilities" for visits to Delaware. D I 4 at ¶3.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion.

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        /s/ 
        Scott A. Holt, Esquire (No. 3399)
        Michael P. Stafford, Esquire (No. 4461)
        The Brandywine Building
        1000 West Street, 17th Floor
        P.O. Box 391
        Wilmington, Delaware 19899-0391
        Telephone: (302) 571-6623; 571-6553
        Facsimile: (302) 576-3299; 576-3461
        Email: sholt@ycst.com; mstafford@ycst.com
        Attorneys for Defendant Cape Henlopen School District


        /s/ Craig R. Fitzgerald
        Craig R. Fitzgerald, Esquire (No. 3730)
        Deputy Attorney General
        Civil Division- Kent County
        102 West Water Street
        Dover, Delaware 19904
        Telephone: (302) 739-7641 ext 303
        Facsimile: (302) 739-7652
        Email: craig.fitzgerald@state.de.us
        Attorney for Defendant Delaware Department of Education

Dated: May 17, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA LIEF F/B/O TASHA LIEF, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAPE HENLOPEN SCHOOL DISTRICT )<br>and the DELAWARE DEPARTMENT of )<br>EDUCATION, )<br>)<br>Defendants. ) | Civil Action No. 06-274-GMS |

## CERTIFICATE OF SERVICE

I, Michael P. Stafford, hereby certify that on May 17, 2006, I electronically filed a true and correct copy of the foregoing Defendants' Memorandum in Opposition to Plaintiff's Motion for Remand of Defendants Cape Henlopen School District and the Delaware Department of Education with the Clerk of the Court using CM/ECF, which will send notification of such to the following counsel of record, and further that I caused a copy of same to be delivered to the following counsel of record by U.S. Mail:

Bruce A. Rogers, Esq.
BRUCE A. ROGER & ASSOCIATES
16 South Front Street
Georgetown, Delaware 19947

_/s/ M_____
Scott A. Holt, Esquire (No. 3399)
Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6623; 571-6553
Facsimile: (302) 576-3299; 576-3461
Email: sholt@ycst.com; mstafford@ycst.com
Attorneys for Defendant Cape Henlopen School District

Dated: May 17, 2006