IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA LIEF F/B/O TASHA LIEF, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-274 (GMS) |
| | ) |
| CAPE HENLOPEN SCHOOL DISTRICT and the DELAWARE DEPARTMENT of EDUCATION, | ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER

1.  On or about April 4, 2006 the plaintiff, Christina Lief ("Lief") commenced the above-captioned action by filing a Petition - Appeal Hearing Decision and Order (the "complaint") (D.I. 1, Ex. 1) in the Family Court of the State of Delaware in and for Sussex County. In her complaint, Lief appeals an adverse decision by a due process hearing panel. Lief also alleges that the defendants violated the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1400, et seq.; the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794; 42 U.S.C. § 1983; Del. Code Ann. tit. 14, § 3122; and Del. Code. Ann. tit. 14, § 3142. (D.I. 1, Ex. 1.)

2.  On April 27, 2006, the defendants filed a notice of removal (D.I. 1), pursuant to 28 U.S.C. § 1446 and based upon 28 U.S.C. § 1441(b). The notice of removal asserts that the court has original jurisdiction to adjudicate Lief's federal claims on the basis of 20 U.S.C. § 1415(i)(2)(A). The notice also asserts that the court has supplemental jurisdiction over Lief's state claims.

3.  On May 10, 2006, Lief filed a response to the notice of removal (D.I. 4), challenging the court's jurisdiction under 20 U.S.C. § 1415(i)(2)(A). Because Lief's response challenges the defendants' right to remove this case, the court has styled it a motion to remand.

4.  The removal of an action from state court is only permissible for "actions that originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Where removal is based on federal question jurisdiction, the propriety of the removal turns on whether the case "arises under" the Constitution, laws, or treaties of the United States. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8 (1983). Furthermore, the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar*, 482 U.S. at 392.

5.  28 U.S.C. § 1441 governs removable actions and provides, in pertinent part, that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). Thus, the issue presented by the motion to remand is whether the plaintiff's action is one that arises under the Constitution, treaties, or laws of the United States thereby conferring original jurisdiction to the district courts.

6.  After having considered the parties' submissions and arguments (D.I. 4, 5), as well as the relevant law, the court concludes that the plaintiff's action arises under the laws of the United States. Indeed, the IDEA, Section 504, and 42 U.S.C. § 1983 are all federal statutes. Accordingly, any claims arising under the IDEA, Section 504, and section 1983 are subject to the jurisdiction of the district court. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") The IDEA permits an "aggrieved party" to bring a civil action in state or federal court, as Lief correctly states. *See* 20 U.S.C. § 1415(i)(2)(A) (providing that any party aggrieved by an administrative decision "shall have

the right to bring a civil action . . . in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy"). However, this choice "does not preclude the removal of the resulting action to federal court." *Ullmo v. Gilmour Acad.*, 273 F.3d 671, 680 (6th Cir. 2001); *see Escambia County Bd. of Educ. v. Benton*, 358 F. Supp. 2d 1112, 1117 (S.D. Ala. 2005) (citing cases and stating that "appeals from IDEA administrative decisions properly present federal questions giving rise to federal subject matter jurisdiction"). Accordingly, the court has jurisdiction to hear this action. As a result, and because Lief does not raise any other defect in the defendants' removal[1], the court concludes that the defendants properly removed this action and will, therefore, deny Lief's response to the motion.

Therefore, IT IS HEREBY ORDERED that:

1. The plaintiff's Motion to Remand (D.I. 4) is DENIED.

Dated: September 25, 2006                          /s/ Gregory M. Sleet
                                                   UNITED STATES DISTRICT JUDGE

---

[1] Lief seems to focus her argument on the convenience of the parties in litigating this case in federal court. For example, she contends that "[a]ll witnesses, records, exhibits, documents and matters related to this matter are located in Sussex County." (D.I. 4 ¶ 3.) She further contends that her counsel's office is located in Sussex County, and that the defendants have removed this case solely "to inconveniece [her], increase her expenses, and cause additional and undue hardship by requiring the matter to be litigated in New Castle County, rather than in the situs of the action (Sussex County)." (Id.) The court is not unsympathetic to the inconvenience litigation in New Castle County will cause the plaintiff. However, in applying the relevant law to the motion to remand, the court is not permitted to consider the plaintiff's inconvenience and, because the defendants have demonstrated that the plaintiff's claims arise under the laws of the United States, this matter is properly before the court.